Chidiebere Onwuchekwa
Reg#: 65476-053
Metropolitan Detention Center
MDC-Brooklyn, J72
P.O. Box 329002
Brooklyn, New York 11232

February 23, 2011

To: Honorable Allyne Ross, U.S.D.J.
Through:
Honorable Lois Bloom
U.S. Magistrate Judge
United District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 24 2011 ★
BROOKLYN OFFICE

Re: United States v. Onwuchekwa (Docket No.: ~~unknown~~)
Request to file Motion to relieve counsel under
seal, CR Case#: 11-cr118(AR)

Dear Judge Bloom:

Please find enclosed the original motion requesting that
Mr. Peter Kirchhiemer is immediately relieved ~~my~~ as counsel.     C.O.

Additionally, due to sensitivity and life threaten circumstances
surrounding this case, pursuant to Rule 5.2(d) of the Federal Rules
of the Civil Procedure, the above defendant respectfully request that
the annexed motion and memorandum of law in support of this motion
are filed **under seal** and is redacted only to the presiding judicial
officials, U.S. Government and Attorney Peter Kirchheimer by way of
an in camera proceeding.

I thank your's Honor in advances.

Very truly yours,

[signature]

Chidiebere Onwuchekwa
Pro Se Movant-Defendant


CO/yar
Encl.: Motion to relieve counsel & Memorandum of Law in Support of
       Motion.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    **MOTION TO RELIEVE COUNSEL**

                                            11-CR-118(AR)

        -against-


CHIDIEBERE ONWUCHEKWA

- - - - - - - - - - - - - - -X

**NOW COMES** Chidiebere Onwuchekwa, the defendant, with respect to Mr. Peter Kirchheimer's current representation, supra, and the defendant respectfully seeks an order to immediately relieve Mr. Peter Kirchheimer as counsel in the above matter based on all the following:

1. Based on the defendant's personal allegations and understandings, defendant's life and safety are in jeopardy if deportation is prevailed, and in nexus to the synonymy contentions defendant's counsel discloses discerns in reference to defendant's substantive arguments and counsel declines to challenge any of the merits and/or allegations that defendant raises, i.e. defendant's *life and safety are in jeopardy if he deported back to Africa*, inter alia.

2. Current court appointed counsel, Peter Kirchheimer, representation falls below the professional subjective norms, those which are required by a professional attorney and afforded to this defendant under the Sixth Amendment to the U.S. Constitution. Its an axiom of facts that Counsel Peter Kirchheimer's representation for

1.

this defendant is clearly defective, and contrariwise even by the laymen of the court, contemporaneously it would be impracticable to further proceed with representation by and through Counsel Peter Kirchheimer, and thus Counsel Kirchheimer should immediately be excused as defendant's counsel, inter alia.

    3. Furthermore, defendant elicited before his counsel that he fears for his life and well-being if he, defendant, is deported back to Africa based on the defendant's declarations to the United States Customs Services and Border Control agents at the John F. Kennedy's International Airport(hereafter "JFK") on February 5, 2011(i.e., initiative arrest and detention for the defendant based on the government's allegations that defendant made false statements in his visa application, violative of 18 U.S.C. §1542 et seq.,). Defendant's declaration below:

> I went for my business visa interview on November 4, 2010 and was approved. On getting home, I received a call from one Mr. Anthony Ubani, who is a staff of the U.S. Embassy, Abuja, Nigeria. He called me by name and said he knows all about me and my application, and that he is the one that worked out my visa application or the visa interview that made it an success. He said I must pay some amount if I am to pick up my visa stamped passport in two days time. He sent me his bank's account number. I was confused and paid some money into the account because I didn't want to take chances. And two days later when I went to the Embassy, he[Mr. Ubani] was the one that actually handed it[the visa]to me (his name tag was on his shirt).Deft Decl.

Notably, the defendant has rendered accurate and consistent statements of allegations, supra, to Counsel Kirchheimer, but ironically counsel deters the matter and repeatedly disvalues defendant's concerns of **imminent danger**, and then, the really crux herein is that Counsel Kirchheimer represents this defendant but obliterates

2.

the potential defensive merits that surrounds defendant's case, and being so demonstrates **adversarial** and **defective** representation in which warrants this Honorable Court to excuse Counsel Kirchheimer of his duty, further representing this defendant.

Personal interjection, is not objective and/or subjective of current **governmentorial** and **misconduct,** in juxtaposition of our judicial systems and various forums, wherefore its very likely that this defendant's position holds merits and contains indicia and therefore this matter should not had been disregarded and treated lightly as Counsel Kirchheimer has done.

### History, Post Arrest

To wit, on or about February 5, 2011, defendant was apprehended and arrested at JFK's International airport by the U.S. Customs and Border Control agents for the current allegations that the defendant rendered "false statements" when applying and inscribing information into his(defendant) visa application, in which is in a violation of Title 18, United States Code, Section 1542 et seq.

WHEREFORE, granting this motion and such relief this Court finds reasonable and just for this Defendant.

Dated: Brooklyn, New York
       February 23, 2011

Respectfully submitted,

Chidiebere Onwuchekwa
Defendant-Pro Se
Fed ID#: 65476-053
MDC-Brooklyn, J72
Post Office Box 329002
11232

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | **MEMORANDUM OF LAW IN THE SUPPORT OF MOTION** |
| | 11-CR-118(AR) |
| -against- | |
| CHIDIEBERE ONWUCHEKWA | |

- - - - - - - - - - - - - -X

  *CHIDIEBERE ONWUCEKWA*, the defendant, herein with the supported memorandum of law, et seq., to the annexed motion seeks an order to have Mr. Peter Kirchheimer immediately relieved as defendant's counsel, and not determined on defendant's selectivity of counsel, but rather this Honorable Court's, **sua sponte**, selection of counsel , defendant in addition will respectfully move before this Court for new appointment of counsel because due to defendant's indigency status, and because it would be highly impracticable to proceed any further with representation by and through Mr. Peter Kirchheimer.

  A. <u>Analysis</u>

  In order for a defendant to meet the standards of <u>Strickland v. Washington</u>, he/she needs only to demonstrate **prejudice** in nexus of counsel's unprofessional performance, and not for the mere prejudice of counsel's performance, the outcome of the proceedings would have been wholly different, i.e. optimistically inclined towards the defense. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687(1984). The Court in **Strickland**, supra, stated that "the purpose of the efective assistance guarantee of the Sixth Amendment is...to ensure that the

1.

criminal defendant receive a a fair tial." Id. at 689.

B. <u>Contentions for Relief</u>

The defendant presents a substantive showing that his current counsel's performance is defective and prejudicial, in which are acts and omissions that is below a subjectively wide range of professionally competent assistance. And upon reviewing all the merits herein, if this Court finds adequate assistance, then, on the other hand, it would be still impracticable to further proceed with current counsel because of **adversarial presentation** and **conflicts**, inter alia, i.e. Counsel Kirchheimer discerns and very ill regards towards defendant's position that, if deported back to Africa, defendant's life and safety are in jeopardy.

C. <u>Conflict of Interest</u>

Ineffective assistance of counsel may result from an attorney's conflict of interest. In **Cuyler v. Sullivan**, the Supreme Court ruled that a defendant can demonstrate a Sixth Amendment violation by a showing of: (1) that defense counsel was actively representing conflicting interests and (2) that the conflict had an adverse effect on specific instances of counsel's performance. <u>Cuyler v. Sullivan</u>, 446 U.S. ~~U.S.~~ at 348; see e.g., <u>United States v. Schwartz</u>, 283 F.3d 76, 94(2d Cir. 2002).

Wherefore, Counsel Kirchheimer's representation, acts and his omissions, have an adversarial effect to defendant's defense, and contemporaneously demonstrates an obvious **conflict of interest** in which is irreparable between an attorney and client, and thus, for all the above reasons, inter alia, Mr. Peter Kirchheimer should be relieved of his duty to further represent this defendant.

THEREFORE, defendant submission of this included memorandum of

law in support of motion fortifies defendant's contentions, and current counsel should on his own motion and/or by the directions of this Court be relieved as counsel.

Dated: Brooklyn, New York
      February 23, 2011

_____
Chidiebere Onwuchekwa
Defendant-Pro Se

3.

Chidiebere Onwuchekwa
Metropolitan Detention Center
MDC Brooklyn, J72
Reg: 65476-053
Post Office Box 329002
Brooklyn, NY 11232

FILED
IN CLERKS OFFICE
US DISTRICT COURT E.D.N.Y
★ FEB 24 2011 ★
BROOKLYN OFFICE
LEGAL MAIL
CLOSED

TRIBORO NY 112
BKLYN-QNS-STATEN ISL
24 FEB 2011 PM 7 L

Honorable Allyne Ross
U.S. District Judge
Eastern Dist. of New York
225 Cadman Plaza East
Brooklyn, New York 11201